ROGERS, Justice.
 

 Plaintiff sued the Rector, Wardens and Vestrymen of St. Anna’s Chapel, as a corporation organized under the laws of this state, for $9,G75.3S as the balance alleged to be due him as back salary for services rendered while rector of defendant’s church.
 

 After various exceptions were filed and overruled, the defendant answered, admitting that plaintiff had been its rector for the time and at the salary stated, but denying that it was indebted to plaintiff in any amount. Defendant averred that during the thirty years plaintiff was its rector he not only conducted its religious services but also took entire charge of its temporal affairs, collecting large sums of money for defendant’s benefit for which he has not accounted ; and, further, that plaintiff collected $209 a month due defendant under the provisions of the will of Dr. W. N. Mercer, for which he has never accounted; and defendant asked for an accounting of the funds so collected by plaintiff, pleading the same in compensation against any amount that might be found due him by defendant.
 

 Subsequently, plaintiff moved to strike from the answer defendant’s demand for an accounting and its plea in compensation. The court below sustained the motion and made the rule absolute; and also refused to admit evidence under the allegations at the time of the trial.
 

 On the trial of the case, it developed that plaintiff’s connection with the defendant had ceased on November 5, 1922, and not on February 23, 1923, as he had alleged, and plaintiff then remitted his demand for salary between those dates. The amount remitted was $518.05, and judgment was finally rendered in plaintiff’s favor for $9,158.33, being the amount originally demanded, less the amount remitted.
 

 After the judgment was rendered and signed, plaintiff sought by motion to have it corrected so as to designate and specify defendant by its alleged correct corporate name, to wit, “St. Anna’s Chapel of the State of Louisiana.” The motion was refused by the court below, and plaintiff’s application for writs was denied by this court, with the
 
 *971
 
 comment that plaintiff’s remedy was by appeal. See proceeding No. 31223 of our docket.
 
 [1]
 

 Plaintiff then applied for and was granted a devolutive appeal from the judgment for the “sole purpose of having said judgment corrected to include the true corporate name of defendant.”
 

 After defendant’s motion to dismiss was denied, defendant answered the appeal, asking that the judgment be set aside and plaintiff’s suit dismissed.
 

 As we have concluded for the reasons hereinafter set forth that the judgment appealed from should be annulled, it is not necessary for us to act on plaintiff’s request under his appeal, to amend the judgment so as to designate the defendant by its correct name instead of the name under which it was sued. If defendant’s complaint is well founded, the judgment can be corrected on the retrial of the ease so as to cast the defendant corporation if it be held indebted to plaintiff as it actually exists and by its proper corporate name.
 

 On the merits, the evidence appears to sustain the judgment so far as it fixed the amount of plaintiff’s claim.
 

 Plaintiff was employed by St. Anna’s Ohapel as its rector at a salary of $150 per month. His suit, which was filed in September, 1923, is for salary accruing to .him for a period of nine years. The account annexed to the petition shows a balance due plaintiff, after allowing certain credits, of $9,676.38. During the trial of the case, plaintiff remitted $518.Q5 of this amount, and plaintiff’s demand was reduced to that extent.
 

 The records of the church disclose an apparent indebtedness to plaintiff on account of his accrued salary of $9,158.33. And plaintiff, as a witness in his own behalf, testified that the amount was correct. Hence the amount of the' judgment in plaintiff’s favor must stand, unless defendant can show under certain averments of its answer that plaintiff’s claim has been discharged.
 

 Defendant earnestly contends that the trial judge erred in striking from its answer the allegations contained in articles 13 to 21, inclusive, except article No. 16.
 

 Article No. 16, which was permitted to stand, charges in substance that plaintiff, in violation of his obligation, suddenly and without notice abandoned his duties as rector on November 4, 1922, and had rendered no services since that date. It was under this allegation defendant proved plaintiff’s connection with the church ceased on November 4, 1922, and not on February 23, 1923, as plaintiff alleged, which brought about the abandonment by plaintiff of his demand for salary, amounting to $518.05, for the time elapsing between those dates.
 

 Under articles 13, 14, 15, and 21 of its answer, defendant charged that for approximately thirty years plaintiff had complete charge of its temporal affairs, as well as of the religious services of the church, during which time he had collected large sums of money from various and sundry sources, which sums, defendant believed and alleged, exceeded $25,000, and that plaintiff had never accounted to defendant for the funds
 
 *973
 
 so collected by him and not used for defendant’s purposes. Defendant charged that the funds so received by plaintiff and not used for its benefit were more than sufficient to pay any indebtedness due plaintiff, and that defendant was entitled to have the surplus of such funds applied to plaintiff’s claim, if anything whatever be due him. And defendant asked for an accounting of the funds so received by plaintiff for defendant’s account.
 

 We find no error in .the ruling of the trial judge that the allegations of articles 13, 14, Í5, and 21 be stricken from the answer, and refusing to admit any evidence thereunder. No details are given as to the funds, dates, amounts, and sources, defendant alleges plaintiff collected for its account. The allegations are entirely too vague and indefinite to admit of any proof being offered thereon.
 

 But this is not true as regards the allegations contained in articles 17, 18, 19, and 20 of the answer. In respect to his ruling excluding evidence under those allegations we find ourselves unable to agree with the learned trial judge.
 

 The substance of the allegations is that under the will of Dr. W. Newton Mercer the defendant church was bequeathed the sum of $2,400 per year, payable $200 monthly, out of the rents of the'commercial property No. 339 Carondelet street in the city of New Orleans; that plaintiff received and retained the $200 paid every month under the bequest during the entire period of his rectorate, including the nine years for which he is claiming a balance due on salary accrued, and thereby was compensated or paid more than any amount defendant may be found to be indebted to him herein.
 

 Under these allegations defendant sets up a specific defense, giving in detail the amounts, dates, and source of the funds plaintiff is alleged to have collected monthly for defendant’s account out of which he paid or should have paid his monthly salary.
 

 We think the defense is one of payment rather than one in compensation. But, in any event, proof of payment is admissible under a plea in compensation and vice versa. Buard’s Curator v. Buard’s Heirs, 5 Mart. (N. S.) 132; Collins v. Pellerin, 6 La. Ann. 36. This is so, because compensation, if proved, operates as a payment ip discharging the debt. And we see no reason why defendant should not be permitted to prove, if it can do so, that plaintiff’s claim for a balance due on his salary payable monthly has been paid or extinguished by monthly collections simultaneously made by plaintiff for defendant’s account as a legatee under the will of Dr. Mercer. We think the trial judge erred in striking allegations 17, 18, 19, and 20 from defendant’s answer, and in refusing to hear any evidence thereunder.
 

 For the reasons assigned, the judgment appealed from is annulled, and the case is remanded to the district court for further proceedings consistent with the views'herein expressed; costs of this appeal to be paid by plaintiff, all other’ costs to abide the final decision in the case.
 

 [1]
 

 No opinion filed.